UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-cv-10573-RWZ

JOSEPH SCHMITT,
    Plaintiff,

v.

MASSACHUSETTS DEPARTMENT OF
CORRECTION, et al.,

    Defendants.

## DEFENDANTS' MOTION TO DISMISS

Without waiving the requirement of proper service, or any other claims and defenses, defendants hereby move this Court to dismiss Plaintiff's Complaint in its entirety. As grounds therefore, the Complaint fails to state a claim upon which relief could be granted, pursuant to Fed. R. Civ. P. 12(b)(6). In addition, plaintiff failed to make timely service of any defendant within 120 days after the filing of the Complaint, as required by Fed. R. Civ. P. 4(m).

## STATEMENT OF FACTS

Plaintiff, Joseph Schmitt, ("Schmitt"), pro se, is civilly committed at the Massachusetts Treatment Center in Bridgewater, Massachusetts. Schmitt's Complaint claims that the defendants "have confiscated personal property from plaintiff without justified cause or lawful authorization of law." The alleged events complained of by Schmitt occurred in and around August 2002. Plaintiff was released from MCI Cedar Junction in August 2002.

The defendants are the Massachusetts Department of Correction ("Department"), , former Commissioner Michael Maloney, current DOC commissioner Kathleen Dennehy,

1

former MCI Cedar Junction ("Cedar Junction") Inner Perimeter Security ("IPS") Officer Carter Thomas, William Grossi, Patrick Mulvey, Jeffrey Smith, former MCI Cedar Junction Superintendent David Nolan, Steven Kennedy and former MCI Cedar Junction Superintendent Peter Allen.

The Complaint in this case is about events that allegedly took place <u>before</u> August 11, 2002, while Schmitt was incarcerated at Cedar Junction. Schmitt has no standing to complain about policies and regulations at MCI Cedar Junction because he has not been at that institution since August 2002. In addition, Schmitt has failed to serve the defendants within 120 days of the filing of the complaint as required by the Federal Rules of Civil Procedure. The Complaint was filed on February 18, 2005. The only defendants who have been served were not served until May 22, 2006, more than one year after the filing of the Complaint.

For the following reasons, Schmitt's Complaint must be dismissed.

## ARGUMENT

A motion to dismiss the complaint must be construed in the light most favorable to plaintiff and its allegations taken as true. <u>Hugh v. Rowe</u>, 449 U.S. 5, 10 (1980). A complaint must fail if it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim which would be entitled to relief. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). To withstand a motion to dismiss, plaintiff must "set forth minimal facts, not subjective characterizations, as to who did what to whom and why." <u>Dewey v. University of New Hampshire</u>, 694 F.2d 1, 3 (1st Cir. 1982), <u>cert. denied</u> 461 U.S. 944 (1983). Although the threshold for stating a claim may be low, it is real. <u>Gooley v. Mobil Oil Corp.</u>, 851 F. 2d 513, 514 (1st Cir. 1988). Because Schmitt has not stated a

2

valid claim under federal or state law or any constitutional claim against defendants, his complaint must be dismissed.

### I. SCHMITT HAS FAILED TO MAKE TIMELY SERVICE OF THE COMPLAINT.

Schmitt's Complaint must be dismissed because he has failed to make proper service within the time period required by the Federal Rules of Civil Procedure. The Complaint in this case was filed on February 18, 2005. To date, the only defendants who have been served are the Department of Correction, Kathleen Dennehy and possibly Steven Kennedy. These defendants were served on May 22, 2006, over one year and certainly more than 120 days after the filing of the Complaint. Fed. R. Civ. P. 4(m) requires service of the Complaint within 120 days of its filing. As such, Schmitt's Complaint must be dismissed for failure to comply with the Federal Rules.

### II. SCHMITT'S CLAIMS ARE MOOT DUE TO HIS RELEASE FROM MCI CEDAR JUNCTION.

Schmitt's Complaint refers to events that allegedly occurred while he was incarcerated at MCI Cedar Junction. Schmitt has resided at the Massachusetts Treatment Center since August 11, 2002. As such, any claims filed by Schmitt, which relate to his incarceration at MCI Cedar Junction, are moot. Courts traditionally will not decide moot controversies. Specifically,

> Courts decline to hear moot cases because (a) only factually concrete disputes are capable of resolution through the adversary process; (b) it is feared that the parties will not adequately represent the positions in which they no longer have a personal stake; (c) the adjudication of hypothetical disputes would encroach on the legislative domain; and (d) judicial economy requires that insubstantial controversies not be litigated.

Wolff v. Commissioner of Public Welfare, 367 Mass. 293, 298 (1975). The requirement of an actual, and not moot, controversy is particularly applicable to actions seeking

declaratory relief.  Peal Institutions Commissioner for Suffolk County v. Commissioner of Correction, 382 Mass. 527, 530-531 (1981); see also, Even Corporation v. License Commission for the City of Worcester, 372 Mass. 869 (1977).

A prisoner's claim for equitable relief to change prison conditions is extinguished when he is no longer subject to those conditions.  Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985); Lane v. Hutchinson, 794 F.Supp. 877, 881 (E.D. Mo. 1992).  Where declaratory relief is sought, the plaintiff must show that there is a substantial controversy over present rights of "sufficient immediacy and reality" requiring adjudication.  Boston Teachers Union, Local 66 v. Edgar, 787 F.2d 12, 15-16 (1st Cir. 1986) (quoting Preiser v. Newkirk, 422 U.S. 395, 402, 95 S.Ct. 2330, 2334-2335, 45 L.Ed.2d 272 (1975).  Once the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome, the case for declaratory relief is moot.  Id.  The same principles render the plaintiff's claims for injunctive relief moot as well.  See Roth v. U.S., 952 F.2d 611, 613-614 n.2 (1st Cir. 1991); Purvis v. Ponte, 929 F.2d 822, 824-825 (1st Cir. 1991)(prisoner's claim for equitable relief rendered moot after he no longer resides at the institution).  Accordingly, plaintiff's claims are now moot; therefore, his complaint must be dismissed.

Schmitt failed to raise the issues set forth in this complaint in one of his many previous lawsuits involving the same defendants and similar issues.  See 04-cv-10451 RWZ and 04-cv-10717 RWZ.  As such, he is not entitled to file ongoing complaints as he thinks of new arguments regarding events at Cedar Junction in 2001 and 2002.  Finally, as set forth below, plaintiff is precluded from raising issues in this lawsuit that have already been litigated, or *could have been raised* in previous lawsuits involving similar issues.

### III. SCHMITT'S COMPLAINT IS BARRED BY RES JUDICATA

Similar issues raised by Schmitt in this Complaint were the subject matter of other lawsuits filed with this Court. Issues raised for the first time in this Complaint, could have (and should have been) raised in the previous litigation. For example, Schmitt could have, but failed to raise these issues in Schmitt v. Mulvey, USDC Civil Action 04-10717. For the following reasons, he is precluded from attempting to litigate them now. Under the doctrine of res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or *could have been* raised in that action. Manego v. Orleans Board of Trade, 773 F.2d 1, 5 (1st Cir. 1985), cert. denied, 475 U.S. 1084, 106 S.Ct. 1466, 89 L.Ed.2d 722 (1986)(emphasis added). The First Circuit has adopted the approach of the Restatement (Second) of Judgments, §24 (1982):

> (1) When a valid and final judgment in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar ... the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, out of which the action arose.

Id.

The doctrine of res judicata applies in civil actions. Isaac v. Schwartz, 706 F.2d 15, 16 (1st. Cir. 1983). Although res judicata is usually plead as an affirmative defense, it may also be raised in a motion to dismiss or summary judgment. Miller v. Indiana Hospital, 562 Fed. Supp. 1259 (D.Pa. 1983); In Re Koziol, 18 B.R. 1014 (Bkrtcy. Mass. 1982).

The doctrine of privity extends the conclusive effect of a judgment to non-parties who are in privity with parties to an earlier action. United States v. ITT Rayonier, Inc., 627 F.2d 996, 1003 (9th Cir. 1980). Accordingly, the federal courts are not bound by

rigid definitions of parties or their privies for purposes of applying collateral estoppel and res judicata. Id. (citation omitted). The doctrine of issue preclusion necessarily functions

> to free courts and parties from the onerous and unnecessary task of relitigating issues that already have been decided in a full and fair proceeding. Invocation of the doctrine is no longer restricted to those who were parties to the first litigation or their privies, for it has come to be widely accepted that usually little good and much harm can come from allowing a determined plaintiff to retry the same issues in exhaustive fashion against successive defendants.

McLaughlin v. Bradlee, 803 F.2d 1197, 1204-1205 (D.C. Cir. 1986).

Defendants may not be subjected to ongoing litigation regarding issues that could have been addressed in the previous lawsuit. There has been a judgment after a jury trial in Schmitt v. Mulvey. Therefore, Schmitt's complaint must be dismissed in its entirety. Finally, as this Court pointed out in its decision in 05-cv-12580 RWZ, dated July 20, 2006, "to the extent plaintiff complains generally about policies and regulations of that institution, [MCI Cedar Junction] he has no standing at this point as none of its policies and regulations still affect him."

## **CONCLUSION**

For the foregoing reasons, defendants request that this Court dismiss Schmitt's Complaint in its entirety.

Dated: August 31, 2006

Respectfully submitted,

NANCY ANKERS WHITE
Special Assistant Attorney General

/s/ Jody T. Adams

_____
Jody T. Adams, Counsel
BBO No. 633795
Department of Correction
Legal Division

70 Franklin Street, Suite 600
Boston, MA 02110-1300
(617) 727-3300 x169

**CERTIFICATE OF SERVICE**

    I hereby certify that on this date a true copy of the above document was served on plaintiff, pro se, via first class mail.

/s/ Jody T. Adams

Dated: 8/31/2006   _____

Jody T. Adams, Counsel