```
                  UNITED STATES DISTRICT COURT
                      District of Massachusetts
```

JOSEPH P. SCHMITT, pro se.,
    Plaintiff,

v.                               CIVIL ACTION NO. 05-10573-RWZ

MASS. DEPT. OF CORRECTIONS, et al.,
    Defendants



### PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Now comes the pro se plaintiff in the above captioned action and opposes the defendants Motion to Dismiss for the following reasons.

### DEFENDANTS' MOTION TO DISMISS

1. Plaintiff has in fact clearly indicated claims for which relief may be granted. Defendants assertion that this is grounds to dismiss this case has no merit and is nothing more than a cookie cutter motion from the Department of Correction Legal Division.

2. The Court's records shall clearly prove that once the preliminary screening required by the IFP statute, 28 U.S.C.§ 1915 was conducted by the Court, Plaintiff did in fact serve upon the office of the US Marshals all documents required to have service mmade by said US Marshals. Plaintiff shall not be held responsible for the errors or inactions of the US Marshals.

### STATEMENT OF FACTS

3. Plaintiff was in facts released from his MCI-Cedar Junction prison sentence on or about August 11,2003.

4. The alleged events complained of by Plaintiff were not limited to and or around August 2002 as falsely alleged by defendants.

5. Plaintiff concurs with the listing of defendants.

6. The events that this complaint is based upon clearly extend beyond Plaintiff's release from the Department of Corrections facility known as MCI-Cedar Junction in Walpole.

7. The fact that Plaintiff is nolonger housed at MCI Cedar Junction in Walpole, has absolutely no bearing on the facts that he is still being subjected to the same rules and regulations of that facility.

Defendants habitually play both sides of this issue to serve thier purposes. Defendants on one hand maintain control of Plaintiff's personal belongings confiscated during and/or prior to August 2002 and steadfastly claim they have the right pursuant to 103-DOC-506 Search Policy. However, this is a policy created for prisoners at prisoners of the Commonwealth. Plaintiff has ceased being a prisoner of the Commonwealth as of August 11,2002 and still the defendants fail to return plaintiff's personal property well over four years later. Defendants, as clearly shown in their Motion To Dismiss claim, "Schmitt has no standing to complain about policies and regulations at MCI Cedar Junction because he hasnot been at that institution since August 2002.

8.  Contrary to defendants assertion that Plaintiff has no standing to complain about policies and regulations at MCI Cedar Junction he clearly does have a standing and said standing is created by the defendants actions of holding plaintiff's personal property from him and using such prison policies and regulations as the authority to do so.

9.  The Court allowed the case to move forward on April 14,2006. See Docket Entry No. 7. Service made on May 22,2006 as noted by the defendants in their motion to dismiss is clearly within the 120 days allowed by statute.

### ARGUMENT

10.  For argument sake, if the plaintiff's complaint fails to make it clear the facts in support of his claims for which relief may be granted, Plaintiff states that it is his belief that it is well established case law that the Court must/may allow him leave to amend the compalint.

11.  Plaintiff has substantial documented evidence to support his allegations. Discovery and or evidentiary hearing will provide the proper venue for the presentation of this documentation.

### SCHMITT HAS FAILED TO MAKE TIMELY SERVICE OF THE COMPLAINT

11.  On April 14,2006 the Court ordered the Clerk to issue the summonses for this complaint after it had completed its' preliminary screening pursuant to 28 U.S.C § 1915.

12.  Plaintiff is not responsible for the US Marshals failure to conduct timely service. See Welch v. Folsom, 925 F.2d at 670; Puet

v. Blanford, 912 F,2d 270, 275 (9th Cir. 1990); and Fowler v. Jones 899 F2d 1088, 1094 n.5 (11th Cir. 1990).

13. Plaintiff did in fact notify the Court Clerk about this matter with the US Marshal and did in fact attempt to contact the US Marshal directly without any results. Plaintiff resorted to filing a motion with this Court about the issue with the US Marshal not making service upon the defendants in this and other cases, but this Court DENIED said motion leaving plaintiff with no viable options.

### SCHMITT'S CLAIMS ARE MOOT DUE TO HIS RELEASE FROM MCI CEDAR JUNCTION

14. Plaintiff's complaint is in fact based on actions that **started** at MCI Cedar Junction. However, the issues continued and still do now that Plaintiff is at the Nemansket Correctional Facility (also known as the Massachusetts Treatment Center) which is owned and/or opporated by the Department of Corrections, just as MCI Cedar Junction is. As such, both facilities are governed by 103 DOC/CMR Policies and Regulations.

15. The issues of Plaintiff's complaint have not been resolved, or addressed properly to date and still have a very real impact on the Plaintiff's day to day legal and personal happenings.

16. Plaintiff is entitled to damages from the defendants for thier violations of his state and federal rights. Simply because said plaintiff is nolonger residing at MCI Cedar Junction, this does not obsolve the defendant from their wrongdoings or make them any less responsible.

### SCHMITT'S COMPLAINT IS BARRED BY RES JUDICATA

17. Defendants defeat their own claim by stating that,"Similar issues raised by Schmitt in this complaint were the subject matter of other law suits filed with this court.

18. Res Judicata may not be triggered by **similar issues.** In order to trigger Res Judicata three requirements must be met: (1) a final judgment on the merit in an earlier action, (2) an identity of parties or privies in the two actions, and (3) an identity of the cause of action in both the earlier and later actions.

19. Defendants further defeat their own claim by stating,"Schmitt could have, but failed to raise these issues in Schmitt v. Mulvey USDC Civil Action 04-10717.

**CONCLUSION**

For the above reasons, and those known by this experienced Court, Plaintiff requests that the defendants Motion to Dismiss be denied in its entirety.

Dated October 12, 2006

Respectfully submitted,

Joseph P. Schmitt, pro se
Nemansket Correctional Facility
30 Administration Road
Bridgewater, Massachusetts
02324-3230