UNITED STATES DISTRICT COURT

FOR THE

DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2006 OCT 23  A 2: 29

U.S. DISTRICT COURT
DISTRICT OF MASS.

CIVIL ACTION NUMBER: 2005 10573-RWZ

JOSEPH PETER SCHMITT, pro se.,

PLAINTIFF,

-vs-

DEPARTMENT OF CORRECTION, et al.,

DEFENDANTS.

( EMERGENCY MOTION FOR COURT ORDER )

Now comes the pro se Plaintiff and hereby moves for an EMERGENCY MOTION FOR COURT ORDER.

Plaintiff moves that this Honorable Court issue an ORDER to Robert Murphy, Superintendant at the Nemansket Corrrectional Facility in Bridgewater Massachusetts, whom is employed by the Department of Correction, an agency of the Commonwealth's.

Plaintiff's purposed ORDER is as follows:

1. Robert Murphy shall have ALL MAIL from Plaintiff pertaining to the above captioned action processed free of any and all costs to the Plaintiff,

2. Robert Murphy shall ensure that Plaintiff has the opportunity to mail out any and all mail pertaining to the above captioned action on a daily basis,

3. Robert Murphy shall ensure that Plaintiff's mail pertaining to the above captioned action has sufficient postage afixed for 1st Class mailing in the United States Postal Service at no charge to said Plaintiff,

4. Robert Murphy shall ensure that any and all mail collected from Plaintiff, on a daily basis, shall be processed as described above in paragraphs 1 through 3, and have said mail delivered to

a United States Post Office the same day,

5. Robert Murphy shall ensure that a mail log be maintained by an official at the Nemansket Correctional Facility for the specific purpose of maintaining an ongoing record of the specific legal document, ie. "Motion For Order", "Correspondence to Attorney" regarding a specific case docket number/name and to whom it is being mailed to,

6. Robert Murphy shall ensure that the above noted mail log is accessible to Plaintiff upon verbal and/or written request within 24 hours of such request,

7. Robert Murphy shall ensure that each entry in the above mail log is signed by the official accepting the mail from Plaintiff as well as the Plaintiff himself so as to ensure no misunderstanding as to what was mailed and when it was accepted by the Department Of Correction Official,

8. ANY and ALL mail pertaining to the above captioned action must not be subjected to any censorship by officials of the Department of Correction,

9. ANY and ALL mail pertaining to the above captioned action shall be clearly identified on the front left bottom corner of the mailing envelope so as to prevent "accidental" censorship by any Department of Correction official said mail is NOT addressed to,

10. Robert Murphy shall ensure that ANY and ALL documents of any description deemed relevant to the above captioned action by the Plaintiff shall be photo copied as Plaintiff requests whether or not said document(s) is accompanied by a cover letter or motion.

11. Plaintiff shall only have to inform the Facility

law library librarian that said documents are for the above captioned action,

12.     ANY and ALL documents submitted by Plaintiff for photo copying SHALL NOT be taken out of the immediate sight of said Plaintiff under any circumstances, and SHALL BE photo copyied as he waits for said copies in the presence of the photo copy machine,

13.     ANY and ALL documents submitted for the purpose of being photo copied SHALL NOT be censored, scanned, read, or in any way transfered to any Department of Correction Office(r),

14.     ANY and ALL documents requireing photo copying by Plaintiff SHALL BE reviewed by the law library librarian Natalya Pushkina and/or the Library Clerk Manuel Bothelo, FHS employees,

15.     With regards to the above paragraph, "REVIEWED" for the purpose of this ORDER shall have the specific meaning and action related to it as the act of looking at the first page of the documents for the purpose of ensuring that the docket number and/or case name is noted. Furthermore, a full review of the remaining pages shall be allowed for the sole purpose of ensuring that no sexually explicit photos of children are present.

16.     Plaintiff SHALL NOT be limited to the number of photo copies he may receive, so long as he provides the names of the individuals he intends to forward a copy of said material to. Said individuals NEED NOT be Courts or Lawyers.

17.     With regards to free postage in the above docketed case, Plaintiff shall not be limited to whom he may send material to relevant to this action free of cost. There SHALL NOT be a limit

of how much or to whom Plaintiff may mail documents relevant to this above action to,

18.     With regards to photo copying material for the above captioned action, there SHALL be NO limit as to what may be copiee or how many copies may be obtained so long as PLaintiff shows a reasonable cause for the request,

As grounds to support the above requested ORDER, Plaintiff states the following:

19.     Respondent has been declared indigent by this Court,

20.     The Department of Correction Officials at Nemansket Correctional Facility have photo copied and attempted to introduce as evidence against Plaintiff in his MGL c. 123A Civil Commitment Probably Cause Hearing in Worcester Superior Court C.A.#02-1529-A privileged client-attorney correspondence, and did use said evidence against Plaintiff during the Trial aspect of the case, eventhough the presiding Justice at the P.C. Hearing disallowed such evidence.

21.     Plaintiff, by law, is not obligated to turn over any information to the defendants short of a discovery motion/hearing. Plaintiff is acting pro se in the above captioned action and his strategy will be compromised if he is forced to continue to allow the defendants to have such easy access to his legal materials while being photo copied.

22.     As a pro se litigant, Plaintiff has the same obligations as that of defendants counsel. With this in mind, and the interest of FAIR and EQUAL JUSTICE, PLaintiff must be afforded the same

confidentiality as defendants counsel.

23.     The Department of Correction and its employees have a vested interest in obtaining information to use against me. The questionable manner they go about fulfilling this interest has already been proven in open court as described above in ¶ 20,

24.     Robert Murphy and/or the Department of Correction have taken deliberate and purposeful action to create barriers to prevent Plaintiff from pursuing his legal claims. See attached Exhibit 1,

25.     Robert Murphy and/or the Department of Correction and/or other Department of Corrections officials have changed standing policy for the specific purpose of avoiding the costs of postage for indigent patients legal mail to their attorney, See attached Exhibit 2,

26.     Robert Murphy and/or Steven Fairly, named defendants in the specific action, issued orders to have Plaintiff's legal mail confiscated and held in the Facilities Property Room in blatant defiance of a Court's Order, See Exhibits 3 and 1,

27.     Robert Murphy has changed standing policy regarding photo copies, and since this time a huge amount of complaints have been made but nothing has changed to correct the problems, See attached Exhibits 4 and 5,

28.     Plaintiff has sought and received an order regarding the processing of his legal mail pertaining to PLCV2006-00490-B and Robert Murphy has simply ignored the Order, see Exhibit 1,

29.     Plaintiff's requested ORDER in no way creates a burden for the defendants or the Commonwealth, or the Department of

Corrections as Plaintiff has been declared indigent by this court pursuant to the laws of said Commonwealth. Furthermore, Plaintiff's case materials be photo copied with or without the above ORDER. The only matter to be affected is the fact that the defendant's and/or the Department of Correction and its various public employees shall nolonger be allowed the time and access to Plaintiff's legal material enabling them to scan, photo copy for their own use, or otherwise tamper with said legal material while outside the custody and/or direct view of Plaintiff

30.     Plaintiff has and shall again reiterate the fact that he fully understands that he is not the only patient in this Facility with such legal copy requests. Plaintiff is very willing to wait his turn for photo copies, and states that with the provisions above he foresees very little conflict of having to wait for other patients legal materials to be photo copied as it is now a new procedure for the librarian to take all legal material to be copied out of the law library to be scanned, viewed and other unknown possibilities by Department of Corrections Officials. During this period of time in which no copies are being made, Plaintiff's materials can be copied after the librarian and/or the library aid gives the material a courtesy veiwing to ensure no sexually explicit material is being introduced with the material for copying.

31.     Plaintiff further informs this Court that the Department of Correction in fact does not, by contract, operate the law library. Forensic Health Services holds this contract and allows the Department Corrections to control said library unaposed.

32.     Plaintiff has the absolute right by by state and federal statute to use any and all evidence he wishes to strengthen his case for litigation and trial. The Department of Correction and/or any of its public employees/defendants may not prevent Plaintiff from exercising his rights and building his actions in ways said Plaintiff deems correct and proper to justify his end goals. The Department of Correction, its' public employees and/or named defendants may not enact rules and regulations with the sole purpose or unintended purpose and effect that chills the Plaintiff's ability to litigate his actions in a meaningful way.

**IN CONCLUSSION** Plaintiff states that he can and shall provide this Honorable Court with a volumonous amount of documented evidence in support of his allegations. Plaintiff has filed said materials in this and other Courts of the Commonwealth as exhibits in various motions seeking the Courts Judicial Help in Stopping the wide ranging and long lasting abuse Plaintiff is forced to endure at the hands of corrupt Department of Correction officials such as Robert Murphy.

**WHEREFORE,** Plaintiff prays this Honorable Court GRANT the above Motion For Court Order and issue said order to the Department of Corrections Legal Division at 70 Franklin Street, Suite 600 Boston/Legal Division at Nemansket Correctional Facility at 30 Administration Road Bridgewater and to Robert Murphy at Nemansket Correctional Facility 30 Administration Road Bridgewater, so as

the defendants have no excuse or reason to claim they are unaware of any such order.

Plaintiff further requests that this Court only grant the defendants a maximum of fourteen days to file an opposition as this matter in its overall context can not withstand a long delay.

Dated: October 19,2006

Respectfully submitted,

Joseph P. Schmitt, pro se
Nemansket Correctional Facility
30 Administration Road
Bridgewater, Massachusetts
)2324-3230

## CERTIFICATE OF SERVICE

I, Joseph P. Schmitt, herby certify that a true copy of the above document was served upon the legal division for the Department of Correction at Nemansket Correctional Facility and/or 70 Franklin Street Suite 600 Boston and/or Counsel of record via Intra Facility and/or Inter Departmental Mail on or about October 20,2006

Joseph P. Schmitt, pro se

**Commonwealth of Massachusetts**
County of Plymouth
The Superior Court

EXHIBIT # 1

Civil Docket **PLCV2006-00490**

RE: Schmitt v Massachusetts Department of Corrections et al

TO: Joseph Peter Schmitt
Nemasket Treatment Center
30 Administration Road
Bridgewater, MA 02324

## CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on **09/14/2006**:

*RE: Pltff's MOTION for contempt of court ruling vs. defts*

is as follows:

**MOTION (P#34) On 7/31/06 this court allowed plaintiff's motion to process legal mail pertaining to this action. It would appear that this has been ignored by DOC. It also appears that DOC purposefully has set out to create barriers to present this plaintiff from pursuing his legal claims. Sanctions are deferred to a later date, preferably at end of this litigation (Richard F. Connon, Justice). Notices mailed 9/14/2006**

Dated at Plymouth, Massachusetts this 14th day of September, 2006.

Francis R. Powers,
Clerk of the Courts

BY:

Adam Baler
Assistant Clerk

Telephone: (508) 747-6911

Copies mailed 09/14/2006

cvdresult_2.wpd 533224 mottext dormanmi



*The Commonwealth of Massachusetts*
*Executive Office of Public Safety*

*Department of Correction*

*Massachusetts Treatment Center*
*30 Administration Road*
*Bridgewater, Massachusetts 02324-3230*

Tel: (508) 279-8100   Fax: (508) 279-8105
*www.mass.gov/doc*



Mitt Romney
*Governor*

Kerry Healey
*Lieutenant Governor*

Robert C. Haas
*Secretary*

Kathleen M. Dennehy
*Commissioner*

James Bender
*Deputy Commissioner*

Robert Murphy
*Superintendent*

August 31, 2006

TO:         Inmates/Residents

FROM:    R. Murphy, Superintendent

RE:         *Indigent Mail*

Be advised pursuant to section 103 CMR 481.10, Free Postage for Indigent Inmates, an attorney is <u>not</u> included as a 'court official'.

<u>481.10 Free Postage for Indigent Inmates</u>

Indigent inmates shall be permitted to mail three letters first class weighing one ounce or less each week at institution expense. In addition, an indigent inmate shall be permitted, where necessary, to send an unlimited number of letters of any weight to any court official at institution expense.

An inmate/resident, determined to be indigent as defined in 103 CMR/MTC 481.06, Inmate Mail-Definitions, may choose to submit a letter to an attorney in conjunction with the three letter first class weighing one ounce or less each week as noted above.

## POST – HOUSING UNITS

## Massachusetts Department of Correction
## PROPERTY CONTRABAND NOTIFICATION AND DISPOSAL FORM

Institution: MASS. TREATMENT CENTER           EXHIBIT # 3

*REMOVAL OF PROPERTY REQUESTED BY INMATE*

Inmate: JOSEPH SCHMITT          Commit # M81137          First Notice Dat 20060901

The following items have been deemed contraband and are not allowed in this fa

| Item | Quantity | Condition | Serial | Seal # | Description |
|---|---|---|---|---|---|
| Other | 24 | | | | 25 Envelopes of Legal paper work -- not considered indigent mail by DOC. |
| | 1 | | | | 25 Envelopes of Legal paper work -- not considered indigent mail by DOC. (15) Addressed to Elizabeth Brady, ESQ. (1) Barbara Schmitt, (1) Harry Schmitt, (1) Matthew Schmitt, (1) Joseph Schmitt, (1) Carl Schmitt, (1) Kara Schmitt, (1) David Minor, (1) Michaela Dohorey, (1) Zack Phillips, and (1) Schmitt, Dillon, & Smillie. ESQ. |

Total:  25

These articles must be disposed of in accordance with 103 CMR 403.14. Please select a method of dispo

I choose to have my propert

[ ] retrieved by a visito     [ ] mailed out to a specified destinati     [ ] disposed of as seen fit by the instituti

Name: _____
Address: _____
City: _____   State: _____   Zip: _____
Telephone _____
Inmate Authorizatio _____   Date: _____

### Property Pick-up Acknowledgeme

Visitor ID [ ] valid state ID /driver's lice  [ ] military ID  [ ] passpo  [ ] Dept. Transitional Assistance (Welfar
I, _____ have received and accept responsibility for all of the items listed on this s

Visitor: _____   Date: _____

Property Office _____   Date: _____

EXHIBIT # 4

# The Commonwealth of Massachusetts
## Executive Office of Public Safety
## Department of Correction
### Massachusetts Treatment Center
### 30 Administration Road
### Bridgewater, Massachusetts 02324-3230

Tel: (508) 279-8100  Fax: (508) 279-8105

www.mass.gov/doc



Mitt Romney
Governor

Kerry Healey
Lieutenant Governor

Robert C. Haas
Secretary

Kathleen M. Dennehy
Commissioner

James Bender
Deputy Commissioner

Robert Murphy
Superintendent

September 5, 2006

TO:    INMATES/RESIDENTS

FROM:  R. Murphy, Superintendent

RE:    *Legal Copying*

Be advised of the following section of 103 MTC 478, Library Services:

**VII.   LEGAL COPYING**

Original legal material will normally be copied Monday through Friday depending on staff availability and/or supplies. The following guidelines shall be adhered to:

    a.  Legal documents to be photocopied must be clearly labeled with the inmate/resident name and a signed and dated cover letter including the name and address of the receiving party. The inmate/resident must also attach the "Department of Correction Legal Photocopying Request Form (attachment C to 103 CMR 478)" with their materials. These forms are available in the library. The form will contain the name of the inmate/resident, the number of pages to be copied, and the number of copies requested. **Legal documents must be addressed to either a court or an attorney.**

    b.  Inmates/residents may bring their legal material to the library during general movement periods. The documents must be given to a library staff person.

<u>POST – HOUSING UNITS</u>

COMMONWEALTH OF MASSACHUSETTS
DEPARTMENT OF CORRECTION
MASSACHUSETTS TREATMENT CENTER
PROCEDURAL ATTACHMENT TO:

EXHIBIT # 5

103 CMR 478 LIBRARY SERVICES

# AMENDMENT

The following sections of MTC's procedural attachment to 103 CMR 478 - Library Services have been amended. Added language is identified in **bold** print.

## VII. LEGAL COPYING

Original legal material will normally be copied Monday through Friday depending on staff availability and/or supplies. The following guidelines shall be adhered to:

a. Legal documents to be photocopied must be clearly labeled with the inmate/resident name and a signed and dated cover letter including the name and address of the receiving party. The inmate/resident must also attach the "Department of Correction Legal Photocopying Request Form (attachment C to 103 CMR 478)" with their materials. These forms are available in the library. The form will contain the name of the inmate/resident, the number of pages to be copied, and the number of copies requested. **Legal documents must be addressed to either a court or an attorney.**

c. Each day the director of rehabilitative services or staff designee and/or the deputy superintendent of treatment/classification will scan/review legal photocopying materials to ensure that they are indeed legal material. **Legal documents will generally be copied and returned within 48 hours or within a reasonable period of time should an unforeseen circumstance develop.**

_____            _____
Superintendent                                  Date

_____            _____
Reviewing Authority                             Date