UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10573-RWZ

JOSEPH PETER SCHMITT

v.

MASSACHUSETTS DEPARTMENT OF CORRECTIONS, et al.

ORDER

February 5, 2007

ZOBEL, D.J.

Plaintiff was convicted in the state court of raping a child and was sentenced to serve four to eight years imprisonment. The criminal sentence expired in August, 2002, but plaintiff was then adjudged to be sexually dangerous and committed civilly to the Massachusetts Treatment Center. This is one of at least thirteen lawsuits filed by plaintiff in the past several years most of which, in one way or another, challenge policies and actions by the Department of Corrections and its officials, initially at MCI Cedar Junction and later at the Massachusetts Treatment Center, concerning plaintiff's writings of sexually explicit stories involving young men or children. Several of his cases are sufficiently similar that even plaintiff, after filing a second complaint, moved to consolidate them.

In this action, plaintiff alleges that officials of MCI Cedar Junction, where plaintiff was serving a sentence of imprisonment until August 11, 2002, confiscated some of his personal property, i. e. personal papers and clothing. He seeks a declaratory judgment

that the actions of defendants violated state and federal law and claims compensatory and punitive damages.

As is true in plaintiff's other cases, this one has been, and is, burdened by his unreasonable motion practice which, just in this action, includes numerous "emergency" motions, e.g., ## 9, 32 and 39, motions for clarification and/or reconsideration, e.g., #30, and identical motions filed more than once, e.g., ## 32 and 39. Plaintiff is not entitled to flood the court with multiple, unrelated and frivolous filings and is hereby put on notice that in the future the court will impose sanctions for repeated frivolous submissions, which may include dismissal of the action.

In the interim, following are my rulings on the pending motions.

1. Plaintiff's motion for extension of time (#29) is allowed.

2. Plaintiff's motion for clarification concerning Order on Motion for Sanctions (#30) is denied.

3. Plaintiff's "Emergency" Motion for Court Order (#32) concerning the handling of plaintiff's mail at the institution is denied. This matter is wholly unrelated to any issue raised by the complaint.

4. Plaintiff's Motion for Court Order (#33) requiring defendants to photocopy case law and legal research materials is denied. This motion also raises issues that have nothing to do with the complaint in this action.

5. Plaintiff's Motion for Order for production of documents (#37) is denied. Even if the information sought were relevant, privacy concerns prohibit the dissemination of detailed information about grievances by other inmates concerning the law library or

any other matters.

      6. Plaintiff's "Emergency Motion" for Order (#39) is identical to #32. It is denied.

I note that plaintiff filed motions identical to ## 32 and 33 in four other pending cases.

      7. Defendants' motion to vacate plaintiff's indigency status (#23) is denied. Although plaintiff does periodically receive some money, his account is not so rich as to warrant denial of his right to proceed in forma pauperis at this time. To the extent that defendants are complaining about the multiplicity of law suits, the remedy lies elsewhere.

      8. Defendants' Motion to Dismiss (#24) raises several grounds.

First, certain named defendants, Michael T. Maloney, Peter Allen, William Grossi, David Nolan, and Sergeant Stephen Kennedy, have never been properly served. The motion to dismiss is allowed as to them. Defendants Carter Thomas, Jeffrey Smith and Patrick Mulvey were finally served on January 19, 2007, nine months after summonses issued and more than four months after defendants' motion to dismiss for failure to make timely service, among other reasons. The motion to dismiss is allowed as to these defendants as well. Thus, defendants Dennehy and Massachusetts Department of Corrections remain.

Further the motion is allowed to the extent plaintiff seeks a declaratory judgment that actions by defendants at MCI Cedar Junction violated the laws of the Commonwealth and the United States. Since he is no longer incarcerated there, plaintiff has no standing to challenge generally the policies and conduct of DOC at MCI

3

Cedar Junction.

    The motion is denied to the extent plaintiff complains that such of his personal property as was not contraband was nonetheless confiscated. His claim for damages is not moot if he has not received personal property to which he is entitled, nor is this claim barred by res judicata. If the claim pertains to personal property which is not contraband, it is a distinct and separate claim not previous litigated nor properly part of any earlier cases. However, within ten days, plaintiff shall file an inventory of the non-contraband personal property that is implicated in this case. In default thereof the complaint is subject to dismissal in its entirety.

    February 5, 2007　　　　　　　　　　　　　/s/Rya W. Zobel
         DATE　　　　　　　　　　　　　　　　　　　RYA W. ZOBEL
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE