UNITED STATES DISTRICT COURT

JOSEPH P. SCHMITT, pro se.,

    Plaintiff,

v.

MA. DEPT. OF CORRECTION, et al.,

    Defendants.

Civil Action No.
2005-cv-10573-RWZ

FILED
IN CLERKS OFFICE
2007 FEB 20 P 12: 53

U.S. DISTRICT COURT
DISTRICT OF MASS.

### PLAINTIFF'S MOTION FOR COURT TO EXPLAIN ITS ORDER

**Now,** comes the pro se Plaintiff and respectfully moves for the court to explain its order regarding the filing of motions.

Plaintiff has various cases, contrary to this courts assertions that said cases involve pornographic/sexually explicit stories about men and boys in one way or the other, regarding many seperate and distinct issues. Each cases, with the exception of two cases filed in this United States District Court are before Judge Rya W. Zobel.

Plaintiff fully understands that the court does not want the submission of duplicate motions in the same case. However, it now appears that the court seems to be giving controdictory orders to opposing parties in this and all cases before said court (Rya W. Zobel). The defendants have filed exact or very simular motions in every case filed in the United Staes District Court, United States First Circuit Court of Appeals as well as several States Courts, regarding the Plaintiff's IFP status. Plaintiff filed a motion in this action for sanctions against the defendants for violating this court's order, see motion #26. On September 15,2006 this court made an order regarding the noted motion. In part said order reads as follows, **"...Since there are**

**two cases the only avenue available to raise the issue in each case was to file a motion in each."** The court denied Plaintiff's motion for sanctions against the defendants.

Plaintiff can not understand why the defendants have the right to file exact same motions in as many cases as they wish and deem necessary, but the pro se indigent Plaintiff who is so clearly identified as a child molester by this very court, receives threats of having his cases dismissed if he dares file motions he deems necessary for his actions, and necessary to obtain some sort of justice from the court against corrupt actions forced upon him by the very defendants he is suing. Defendants commit actions against this Plaintiff which prevent him from accessing legal counsel and even the courts, however this very court appears to be turning a blind eye to plaintiff's perils which said Plaintiff fully believes are important enough to bring to this court's attention the only way he is able to do so, ie. via motion filing.

Plaintiff in no way intends to be disrespectful to this court, however he also stands on the absolute fact that he has rights afforded by the U.S. Constitution as well as the Massachusetts Bill of Rights, and as such he must, with al due respect, demand that noone violates said guaranteed rights.

Plaintiff is not a trained attorney. Plaintiff has psychological issues that can and do distract him from being able to perform as sufficiently as this court would expect from any attorney. Also, Plaintiff clearly does not have the proper training as any other attorney of the Commonwealth. The fact that Plaintiff is pro se should be heavily weighed by this court, and perhaps a pro bono counsel be appointed to represent Plaintiff in this and

all other cases before this court so as to avoid the allegedly unnecessary filing of motions, and just as equally, to protect the Plaintiff's United States Constitutional Rights from being further abused by the defendants and their trained experienced and well schooled counsel.

    Plaintiff does request this court to order a conference scheduled so as this issue may be discussed and protective meassures errected to prevent future unwanted actions all across the board.

Dated: January 11, 2007

Respectfully Filed,

Joseph P. Schmitt, pro se
Plaintiff
Massachusetts Treatment Center
30 Administration Road
Bridgewater, Massachusetts
02324-3230

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above motion was served upon C.Raye Poole, Esq. Counsel of record for defendants via first class mail on or about 1/11/2007

_____
Joseph P. Schmitt, pro se
Plaintiff