UNITED STATES DISTRICT COURT

JOSEPH P. SCHMITT, pro se,
    Plaintiff,

v.                          CIVIL ACTION NO. 05-10573-RWZ

MA. DEPT. OF CORRECTION, et al,
    Defendants.

FILED
CLERKS OFFICE

2007 FEB 26  P 1:21

U.S. DISTRICT COURT
DISTRICT OF MASS.

## PLAINTIFF'S MOTION FOR RECONSIDERATION OF COURT'S (RYA W. ZOBEL) ORDER DATED FEBRUARY 5, 2007

Now comes the pro se Plaintiff and moves this court to reconsider its dismissal of defendants Michael Maloney, Peter Allen, William Grossi, David Nolan, Stephen Kennedy, Carter Thomas, Jeffrey Smith and Patrick Mulvey.

As grounds thereof, Plaintiff states the following.

Within a very short period of finally receiving the summonses from the court, Plaintiff duly mailed said summonses with a copy of the complaint for each defendant to the U.S. Marshall for service to be made. A review of the U.S. Marshal's **PROCESS RECEIPT AND RETURN FORM USM-285** will clearly prove the documents were in fact received by the U.S. Marshal on or about 5/9/06.

The U.S. Marshal waited an excessive period of time to perfect service and in doing so caused service to be complicated to the point said defendants were not served correctly.

Plaintiff, being civilly committed without physical access to the U.S. Marshal's Office did in fact write to said Marshal's Office to inquire as to the reason service has not been perfected in a timely manner, and no response was returned to this pro se Plaintiff.

Plaintiff filed motions in this and/or other cases which are before this court in an attempt to get some action with

regards to service of said summons and complaint for this action upon all defendants. This court denied said motions closing off this pro se Plaintiff best and last options to have service perfected. Department of Correction also denied plaintiff addresses.

Plaintiff clearly provided the U.S. Marshal with adequate facts to perfect service in a timely fashion and because of this undeniable fact, Plaintiff must not suffer because of errors made by the U.S. Marshal by not conducting their lawful duty. See, **Sellers v. United States,** 902 F.2d 598, 602 (7th Cir. 1990). Contra, **Lee v. Armontrout,** 991 F.2d 487, 489 (8th Cir.), Cert. denied, 114 S.Ct. 209 (1993).

Furthermore, the courts have generally held that delay of service by Marshal constitutes **"good cause"** for failure to complete service within 120 days; they **do not blame pro se litigants** for the Marshal's mistakes. See, **Welch v. Folsom,** 925 F. 2d at 670; **Puett v. Blandford,** 912 F.2d 270, 275 (9th Cir. 1990); **Fowler v. Jones,** 899 F.2d 1088, 1094 n. 5 (11th Cir. 1990).

**WHEREFORE,** Plaintiff prays this Court reconsider its ruling of February 5, 2007 and reinstate the above named defendants as active defendants in this action.

Dated; February 16, 2007

Respectfully Filed,

*[signature]*

Joseph P. Schmitt, pro se
Nemansket Corr. Facility
30 Administration Road
Bridgewater, Massachusetts
02324-3230

**CERTIFICATE OF SERVICE**

The undersigned hereby certify that a true copy of the above motion was served upon opposing counsel via pre paid First Class U.S. Mail on or about February 16, 2007

_____
Joseph P. Schmitt, pro se