UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
2005-10573-RWS

JOSEPH P. SCHMITT, pro se,
    Plaintiff,

v.

MA. DEPT. OF CORRECTION, et al.,
    Defendants.

**PLAINTIFF'S OPPOSITION OF DEFENDANTS DEPARTMENT OF CORRECTION AND DENNEHY'S RENEWED MOTION TO DISMISS**

    Now comes the pro se plaintiff in the above captioned action and hereby opposes defendants renewed motion to dismiss for the following reasons.

    In thier renewed motion to dismiss, defendants have immediately attacked a well reviewed issue, and continue to try to introduce bold face lies and deception. Perhaps this is acceptable defense actions for professional counsel in this Commonwealth. However, this pro se plaintiff refuses to lower his personal beliefs and core values to such an ignorant level of lies and deception, when truths will gain justice much better.

    Defendants counsel, Jody T. Adams, clearly knows that at the time of the complaint's described incidents plaintiff was in fact at MCI-Cedar Junction and because of this obvious fact the rules and regulations of the Nemansket Correctional Facility (Treatment Center) have absolutely no bearing on this action's complained of issues.

    Furthermore, cousel, Jody T. Adams, has dirrect knowledge

- 1 -

that plaintiff has made it very clear in previous Jury Tried cases USDC2004-10451-RWZ/USDC2004-10717-RWZ that the material of sexual content at the root of the above cases was clearly and repeatedly requested by this plaintiff to said counsel and/or C. Raye Poole, Esq. to be mailed to an outside source who would care for my property for me.

At no time whatsoever has this plaintiff requested, or otherwise made any issue for having any type of sexual material given to him while he is housed at the Nemansket Correctional Facility.

Counsel continues to play up the present fact that the plaintiff is civilly committed as a S.D.P. pursuant to M.G.L. c. 123A. And because of this fact they would have this Court believe they have an absolute right to deprive the plaintiff of any and all property they deem controband, regardless of the consequences.

The 40 manuscripts in question are valued at a base minimum of $100.00 each for a total of $4,000.00. Because of the defendants steadfast refusal to follow their very own polies, and simply take and keep my personal property without due process, under the guise of pending investigations, plaintiff has permanately lost the ability to profit from the manuscripts because of the defendants actions.

1. **SCHMITT FAILED TO PROPERLY COMPLY WITH THIS COURT'S ORDER**

Plaintiff has complied with the Court's order. The order as the pro se plaintiff understands it was to provide a detailed list of all property the defendants took from him which is not controband.

Here, once again, the defendants attempt to manipulate the facts and decieve this Court by stating that the 40 copyrighted

adult themed manuscripts are considered controband at the Nemansket Correctional Facility (Massachusetts Treatment Center). Plaintiff has complied to the letter with the Court's order. The issue is not whether or not the property is controband here and now, but whether it was controband at the specific times very clearly put forth in the complaint. A simple review of cases <u>Schmitt v. Smith</u> and <u>Schmitt v. Mulvey</u>, 04-cv-10451-RWZ and 04-cv-10717-RWZ will very clearly show that written material was not considered a form of controband at MCI-Cedar Junction during the times complained of in plaintiff's complaint.

The defendants argument is rendered moot when the fact that plaintiff is not nor has he at any time requested to possess the 40 adult themed manuscripts here and now at the Nemansket Correctional Facility (Massachusetts Treatment Center); that he has and continues to maintain that he only wishes to have the materials mailed out to a third party; that there is absolutely no legitimate governmental interest for the defendants to maintain possession of plaintiff's property when an acceptable alternative has and is being presented.

The defendants seek to introduce further prejudicial and erroneous information by stating that plaintiff as of March 23,2007 the Massachusetts Treatment Center is holding various items for disposal because they are considered controband (child pornography and sexually explicit materials). Defendants deceptively neglect to inform the Court that this material was mailed to the plaintiff by others without said plaintiff consent, and that the defendants refuse to allow plaintiff to mail this material out to his court appointed attorney, and or anyone else. However, they

- 3 -

continue to try to use this material against the plaintiff even when they know full well plaintiff has absolutely no control over what anyone mails in to him. This is very simply another prime example of the defendants engaging in a modern day witch hunt against the plaintiff.

The property confiscated from plaintiff noted in the itemized list submitted to the Court and defendants is not so vague that it is impossible to ascertain who allegedly took the items, when they were taken, whether controband notices were issued, and why they were taken (if at all) as the defendants allege. It has been very clearly stated that the incidents took place at MCI-Cedar Junction, plaintiff clearly named defendants involved, plaintiff clearly stated the fact that defendants failed to comply with their own rules and regulations by NOT providing receipts for any or all property confiscated from him by any of the defendants.

Defendants refer to one pair of sneakers as part of the plaintiff's itemized list of confiscated property from MCI-Cedar Junction back in 2002, and here and now attempt to challenge this claim by using personal property in which has been purchased since plaintiff has been detained at the Nemansket Correctional Facility.

Furthermore, defendants claim plaintiff has provided no copy of grievances or letters allegedly "informing me that the material was being held pending possible disciplinary action..."

The fact that plaintiff has not provided the copies can be answered in two parts. The first is very simply that such documents are documents to be produced under discovery motions, which defendants are agressively seeking to prevent plaintiff from

- 4 -

doing. Secondly is the very fact that the defendants routinely deny legal copy requests of such materials so even the material plaintiff does have to support his allegations he can not obtain copies of it, and in the event he can, the defendants have routinely abused plaintiff's work place privilege and read such materials to help advance their defense of the case.

Plaintiff welcomes the defendants to come to a meeting and discuss the material in debt so as a resolution may be reached.

With regards to the complaint being time barred this is far from the truth. At the time of the complaint's actions the plaintiff was bound to comply with the Prisoner Litigation Reform Act, specifically, that he must exhaust all his adminstrative remedies prior to filing the action. The fact that plaintiff was repeatedly informed that his property would be held pending the outcome of his M.G.L. c. 123A civil committment trial, plaintiff had no option but  comply. However, upon the completion of his 123A trial he did take his issues to the next available level and that of course is a civil law action. The defendants tolled the time by maintaining that plaintiff could not do anything until the outcome of his civil trial. Defendants now seek to take the exact opposite stand in this matter alleging the action is time barred by the applicable statute of limitations.

## II. SCHMITT HAS MISSED THE STATUTE OF LIMITATIONS

Pursuant to the P.L.R.A. plaintiff is obligated to exhaust each and every administrative remedy prior to filing a civil action law suite against the defendants. When the administrative remedies are exhausted, then and only then does time move. Plaintiff having lawfully filed his grievance(s) and pursued avenues of

appeal was formally notified by an appellate authority on several occassions that the property in question would be released only after the outcome of the SDP trial plaintiff had faced pursuant to M.G.L. c. 123A.

Defendants sought to prevent plaintiff from moving forward with his grievance matter on the administrative level and plaintiff complied, believing that the defendants would honor their word and release his personal property to him or to a designated third party. However, this did not happen. Long after the outcome of the 123A SDP trial the defendants still seek to deprive plaintiff of his lawful property, or monetary compensation for said property.

Plaintiff is entitled to equitable tolling because the defendants actively misled and prevented him from asserting his rights. See, Benitez-Pons v. Com. of Puerto Rico, 136 F.3d at 59 (1st Cir. 1998). Furthermore, see attached exhibits Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, and 11, which show a partial history of correspondence to the plaintiff form defendants regarding his personal property which had been confiscated at MCI-Cedar Junction. Defendants clearly and repeatedly led plaintiff to believe he would eventually have his property returned, however this fact has not been proven as of this present date.

### III. COMMISSIONER DENNEHY IS ENTITLED TO DISMISSAL OF THE CLAIMS UNDER § 1983 IN THE ABSENCE OF SUPERVISORY LIABILITY.

Defendant Dennehy as the commissioner for the Department of Correction has full authority over all rules and regulations implimented within all the facilities ran by the Department of Correction. She is liable for the rules and regulations and how such rules and regulations are implimented.

- 6 -

Furthermore, defendant Dennehy was informed of the issues of the complaint and failed to take any corrective actions regarding the violations of plaintiff's Constitutional Rights, and the violations against the Department's own rules and regulations. Such action is a deliberate indifference and as such this named defendant is not entitled to dismissal of the claim.

With regards to defendants allegations that plaintiff must show that the alleged facts complained of were committed by one acting under color of state law, this is a moot issue as it is both stated and reasonably assumed that Dennehy, as the Commissioner of Corrections and being sued in such a capacity along with her individual capacity was in fact acting under color of state law.

**CONCLUSION.**

Plaintiff has filed with this court a motion for reconsideration as to the dismissal of the complaint against certain defendants because of untimely service. Plaintiff fully believes he shall prevail and previously dismissed defendants shall be put back into the case.

As stated above, plaintiff has been informed repeatedly by the deefndants that he must wait for certain issues to be resolved before he would be able to regain his personal property. Plaintiff has attached exhibits to this opposition proving his claims for equitable tolling.

Plaintiff hereby moves that this court strike down the defendants motion to dismiss and schedule this case for trial by jury.

Dated: March 30, 2007

Respectfully filed,

_____
Joseph P. Schmitt, pro se
Plaintiff
Nemansket Correctional Facility
30 Administration Road
Bridgewater, Massachusetts
02324-3230

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true copy of the above motion was served upon counsel for defendants, Jody T. Adams at 70 Franklin Street, Suite 600, Boston, Massachusetts, 02110-1300 via first class mail on or about March 31, 2007

_____
Joseph P. Schmitt, pro se

  

**Mitt Romney**
*Governor*

**Kerry Healey**
*Lieutenant Governor*

**Edward A. Flynn**
*Secretary*

**Kathleen M. Dennehy**
*Acting Commissioner*

**James Bender**
*Acting Deputy Commissioner*

March 12, 2004

Joseph Schmitt, M81137
Massachusetts Treatment Center
30 Administration Road
Bridgewater, MA  02324

Dear Mr. Schmitt,

   I am in receipt of your February 12, 2004 letter and Notice of Intent threatening a lawsuit against myself and Superintendent Nolan regarding your legal property issues.

   In these documents you allege that property is being illegally withheld from you and demand its return. This issue was extensively addressed to you in my letter dated February 23, 2004. The information I provided you with was the result of an intensive, methodical review of the issue. I found no basis to support your allegation that your property is being illegally withheld and informed you that once your civil commitment is resolved, the materials will be returned to you.

   I am hopeful that this issue has been resolved.

Sincerely,

Kathleen M. Dennehy
Acting Commissioner

cc. Timothy Hall, Acting Assistant Deputy Commissioner
    David Nolan, Superintendent, MCI CJ
    Inmate's file
    file

EXHIBIT NO.
"1"

*The Commonwealth of Massachusetts*
*Executive Office of Public Safety*
*Department of Correction*
*M.C.I. Cedar Junction at Walpole*
*P.O. Box 100*
*South Walpole, Massachusetts 02071*
*Tel: (617) 727-1684 Fax: (617) 727-6571*



(4)

**Jane Swift**
Governor

**James P. Jajuga**
Secretary

**Michael T. Maloney**
Commissioner

**Kathleen M. Dennehy**
Deputy Commissioner

**Peter E. Allen**
Superintendent

February 27, 2002

Joseph Schmitt, W-57126
MCI-Cedar Junction
DDU

Dear Mr. Schmitt:

    I am writing in response to your letter dated February 22, 2002, in which you request the return of documents not used in D-report #01-1583.

    Any materials confiscated from you that were not utilized in the issuance of this ticket and was not deemed contraband will be returned to you within six months of the date of completion of the investigation.

    This will be my final response to this issue.

Sincerely,

Peter Allen
Superintendent

cc. Shawn Smith, DDU Director
    Inmate's file
    file

EXHIBIT NO. "2"



*The Commonwealth of Massachusetts*
*Executive Office of Public Safety*
*Department of Correction*
*M.C.I. Cedar Junction at Walpole*
*P.O. Box 100*
*South Walpole, Massachusetts 02071*
*Tel: (617) 727-1684  Fax: (617) 727-6571*

**Jane Swift**
Governor

**James P. Jajuga**
Secretary

**Michael T. Maloney**
Commissioner

**Kathleen M. Dennehy**
Deputy Commissioner

**Peter E. Allen**
Superintendent

February 20, 2002

Joseph Schmitt, W-57126
MCI-Cedar Junction
DDU

Dear Mr. Schmitt:

    I am writing in response to your letter dated February 18, 2002, regarding the completion of an investigation and the return of your confiscated materials.

    Materials seized in July/August resulted in your receipt of a disciplinary report. In accordance with 103 DOC 506 *Search Policy*, evidence in disciplinary matters will be held for three years. In addition, this material was further deemed as contraband. When it is released from evidence it will be handled in accordance with contraband protocol.

Sincerely,

Peter Allen
Superintendent

cc. Inmate's file
    file

EXHIBIT NO.
"3"



# The Commonwealth of Massachusetts
## Executive Office of Public Safety
### Department of Correction
#### M.C.I. Cedar Junction at Walpole
P.O. Box 100
South Walpole, Massachusetts 02071
Tel: (617) 727-1684  Fax: (617) 727-6571

Jane Swift
*Governor*

James P. Jajuga
*Secretary*

Michael T. Maloney
*Commissioner*

Kathleen M. Dennehy
*Deputy Commissioner*

Peter E. Allen
*Superintendent*

January 17, 2002

Joseph Schmitt, W-57126
MCI-Cedar Junction
DDU

Dear Mr. Schmitt:

I am writing in response to your letter dated January 15, 2002, regarding the confiscation of your materials.

As stated previously, only materials relevant to sexually explicit acts were confiscated. This material included specific acts involving minor children.

Sincerely,

Peter Allen
Superintendent

cc. Sgt. Kennedy, Special Investigator
    Inmate's file
    file

EXHIBIT NO.
"4"

*The Commonwealth of Massachusetts*
*Executive Office of Public Safety*
*Department of Correction*
*M.C.I. Cedar Junction at Walpole*
*P.O. Box 100*
*South Walpole, Massachusetts 02071*
*Tel: (617) 727-1684 Fax: (617) 727-6571*



**Jane Swift**
*Governor*

**James P. Jajuga**
*Secretary*

**Michael T. Maloney**
*Commissioner*

**Kathleen M. Dennehy**
*Deputy Commissioner*

**Peter E. Allen**
*Superintendent*

January 11, 2002

Joseph Schmitt, W-57126
MCI-Cedar Junction
DDU

Dear Mr. Schmitt:

    Your letter to Commissioner Maloney dated December 28, 2001, in which you request the return of legal documents that you requested be copied has been referred to me for reply.

    I understand that you submitted three different packages of materials for copying, two to the Librarian and one to CPO Gaspar. Portions of these materials were provided to you in the disciplinary process as evidentiary materials. That evidence should have been deemed contraband at that time due to its nature.

    My Special Investigator confiscated and reviewed all of these packages. It has been determined that 145 pages of these materials are deemed contraband, as these materials contain subject matter consistent with child pornography. These materials will be held pending further investigation. At the conclusion of the investigation, these materials will be disposed of in accordance with 103 DOC 403 (Inmate Property). The remaining materials not confiscated will be returned to you immediately.

    Your request for 18 copies of each of these documents will not be fulfilled at this time. Once you have obtained a docket number from the court and the appropriate number of summonses that directly reflects the number of copies required, you may resubmit your request for copies to the Librarian.

EXHIBIT NO.
"5"

Joseph Schmitt	-2-	January 11, 2002

    If you are found in possession of or attempt to possess any further materials that we consider consistent with child pornography or other illegal acts, you will be subject to appropriate action.

Sincerely,

Peter Allen
Superintendent

cc:	Commissioner Maloney
	Shawn Smith, DDU Director
	Sherry Elliott, Director of Treatment
	Inmate File
	file

EXHIBIT NO. "5"

*The Commonwealth of Massachusetts*
*Executive Office of Public Safety*
*Department of Correction*
*M.C.I. Cedar Junction at Walpole*
*P.O. Box 100*
*South Walpole, Massachusetts 02071*
*Tel: (617) 727-1684 Fax: (617) 727-6571*



**Jane Swift**
*Governor*

**James P. Jajuga**
*Secretary*

**Michael T. Maloney**
*Commissioner*

**Kathleen M. Dennehy**
*Deputy Commissioner*

**Peter E. Allen**
*Superintendent*

June 5, 2002

Joseph Schmitt, W-57126
MCI-Cedar Junction
EWSU

Dear Mr. Schmitt:

    I am writing in response to your letter dated May 20, 2002, regarding property confiscated as a result of D-report #01-1583.

    Although the disciplinary process is completed, this material is being maintained for an upcoming court matter.

Sincerely,

Peter Allen
Superintendent

cc. Inmate's file
    file

EXHIBIT NO. "6"



### The Commonwealth of Massachusetts
### Executive Office of Public Safety
### Department of Correction
### M.C.I. Cedar Junction at Walpole
### P.O. Box 100
### South Walpole, Massachusetts 02071
### Tel: (617) 727-1684 Fax: (617) 727-6571



**Jane Swift**
*Governor*

**James P. Jajuga**
*Secretary*

**Michael T. Maloney**
*Commissioner*

**Kathleen M. Dennehy**
*Deputy Commissioner*

**Peter E. Allen**
*Superintendent*

October 31, 2002

Joseph Schmitt, W-57126
Massachusetts Treatment Center
30 Administration Road
Bridgewater, MA 02324

Dear Mr. Schmitt:

Your letter to Commissioner Maloney dated October 14, 2002, has been referred to me for reply.

The Property Department assures me that all of your property has been sent to the Treatment Center. Other than the materials that were confiscated by IPS while you were here, no other property has been left behind.

Sincerely,

Peter Allen
Superintendent

cc. Michael T. Maloney, Commissioner
    file

EXHIBIT NO.
"7"



*The Commonwealth of Massachusetts*
*Executive Office of Public Safety*

*Department of Correction*
*M.C.I. Cedar Junction at Walpole*
*P.O. Box 100*
*South Walpole, Massachusetts 02071*

Tel: *(508) 660-8000*   Fax: *(508) 660-8009*
*www.mass.gov/doc*



Mitt Romney
*Governor*

Kerry Healey
*Lieutenant Governor*

Edward A. Flynn
*Secretary*

Kathleen M. Dennehy
*Acting Commissioner*

James Bender
*Acting Deputy Commissioner*

David Nolan
*Superintendent*

February 6, 2004

Joseph Schmitt, M-81137
30 Administration Rd.
Bridgewater, MA  02324-3230

Dear Mr. Schmitt:

    I am writing in response to your letter dated January 8, 2004, in which you request the return of confiscated property.

    You were advised on September 16, 2002, that the materials that were confiscated by IPS while you were here will remain as evidence pending the resolution of your *civil commitment*, not the disciplinary process; therefore, this evidence will remain as evidence. Any property that you were allowed was forwarded to the Treatment Center on September 12, 2002.

Sincerely,

David Nolan
Superintendent

cc. Robert Murphy, Superintendent, MTC
    file

EXHIBIT NO.
"8"

 

*The Commonwealth of Massachusetts*
*Executive Office of Public Safety*
*Department of Correction*
*M.C.I. Cedar Junction at Walpole*
*P.O. Box 100*
*South Walpole, Massachusetts 02071*
*Tel: (617) 727-1684 Fax: (617) 727-6571*

Jane Swift
*Governor*

James P. Jajuga
*Secretary*

Michael T. Maloney
*Commissioner*

Kathleen M. Dennehy
*Deputy Commissioner*

Peter E. Allen
*Superintendent*

September 16, 2002

Joseph Schmitt, W-57126
Massachusetts Treatment Center
30 Administration Rd.
Bridgewater, MA  02324

Dear Mr. Schmitt:

    Your letter dated September 1, 2002, to Commissioner Maloney concerning your property, has been referred to me for reply.

    The Property Sergeant advised me that your property has been packed and will be picked up at this facility for delivery to the Treatment Center on Tuesday, September 17th. As for the materials that were confiscated by IPS while you were here, those materials will remain as evidence pending the resolution of your civil commitment process.

Sincerely,

Peter Allen
Superintendent

cc. Michael T. Maloney, Commissioner
    file

EXHIBIT NO.
"9"




*The Commonwealth of Massachusetts*
*Executive Office of Public Safety*
*Department of Correction*
*50 Maple Street, Suite 3*
*Milford, Massachusetts 01757-3698*
*(508) 422-3300*
*www.magnet.state.ma.us/doc*

**Jane Swift**
*Governor*

**James P. Jajuga**
*Secretary*

**Michael T. Maloney**
*Commissioner*

**Kathleen M. Dennehy**
*Deputy Commissioner*

Joseph Schmitt, W57126
MCI-Cedar Junction
P.O. Box 100
So. Walpole, MA 02071

August 21, 2002

Dear Mr. Schmitt:

In accordance with 103 CMR 491, Inmate Grievance Policy, the Department Grievance Coordinator reviews all grievance appeals denied at the Superintendent's level. As a result of the aforementioned requirement, I have reviewed your grievance (#02-467) and appeal, relative to limit placed on personal letters.

Please be advised that after a thorough review of the above-mentioned grievance and appeal, I support the Superintendent's decision to deny your grievance, as I fully concur with the institutional summary of findings. Additionally, in accordance with 103 CMR 423, the Superintendent is authorized to further limit the amount of property within the WWSU.

Sincerely,

Kristie Ladouceur
Department Grievance Coordinator

cc: Superintendent Allen
    G. Fyfe, IGC
    File

EXHIBIT NO.
"10"




## The Commonwealth of Massachusetts
## Executive Office of Public Safety
## Department of Correction
### M.C.I. Cedar Junction at Walpole
### P.O. Box 100
### South Walpole, Massachusetts 02071
### Tel: (617) 727-1684  Fax: (617) 727-6571

**Jane Swift**
*Governor*

**James P. Jajuga**
*Secretary*

**Michael T. Maloney**
*Commissioner*

**Kathleen M. Dennehy**
*Deputy Commissioner*

**Peter E. Allen**
*Superintendent*

June 26, 2002

Joseph Schmitt, W-57126
MCI-Cedar Junction
DDU

Dear Mr. Schmitt:

I am writing in response to your three recent letters concerning the confiscation of your property.

I understand that your address book/personal addresses, your photographs and an excess of 250 personal letters were returned to you on June 25, 2002. DDU regulations state that inmates may retain up to 10 personal letters, therefore, you were instructed to select which ones you would like to keep. I understand that your eyeglasses were found broken, therefore, this item will remain contrabanded.

The portion of your property that was confiscated is being held pending possible disciplinary action. As the appellate authority in disciplinary matters, I will not become involved in this matter at this time. If you receive a disciplinary report you may address this issue at your hearing and if you are dissatisfied with the outcome, you may appeal to me at that time.

Sincerely,

Peter Allen
Superintendent

cc. Inmate's file
    file

EXHIBIT NO.
"11"