UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-10573-RWZ

JOSEPH PETER SCHMITT

v.

MASSACHUSETTS DEPARTMENT OF CORRECTIONS, et al.

ORDER

July 10, 2007

ZOBEL, D.J.

This complaint charges the Department of Corrections ("DOC"), several officials thereof, and correction officers at MCI-Cedar Junction with violating plaintiff's due process rights by confiscating his personal property, primarily his writings of sexually explicit stories, but also including personal papers and some clothing.

The court had previously allowed a motion to dismiss (Docket # 24) by all defendants except DOC and Kathleen Dennehy, the Commissioner of Corrections from 2003 until recently, for failure to make proper and timely service on the dismissed defendants (Docket # 45). The earlier ruling also dismissed any claims that called into question the constitutionality of certain policies and procedures of MCI-Cedar Junction on the ground that plaintiff has not been incarcerated there since August 2002 and thus has no standing to attack those policies. The only claim to survive was a claim for return of plaintiff's property, and the court ordered him submit a list of such property

which was not contraband.  Plaintiff did file a lengthy list as well as a motion for reconsideration (Docket # 50).   The defendants remaining in the case filed a "Renewed Motion to Dismiss" (Docket # 52) which raises several new, not renewed, arguments for dismissal of these defendants.

Plaintiff's motion for reconsideration is denied.  The court promptly sent plaintiff the summonses he requested.  Service thereof is his responsibility.

In support of their renewed motion, defendants assert, first, that plaintiff failed to comply with the court's order in that his list in fact includes items that may be contraband, e.g., "adult themed transcripts," "adult themed stories," "various fictional stories of erotic nature between male adults and male youths" and related items that may fit the description as well, e.g.,"various personal letters being mailed out by plaintiff and addressed to plaintiff from various individuals," publisher contracts, photos, and video catalogs.   Finally, defendants point out with some justification that some of the descriptions are so vague that it is not possible to identify a specific item, e.g., "one pair of sneakers."  Plaintiff counters that (1) under then-existent regulations at MCI-Cedar Junction, the listed writings are not contraband; (2) in any event, he does not want to keep them, but "mail them out to a third party;" and (3) the list is not vague.  I need not resolve this dispute.

Defendants' second argument, that the statute of limitations has run on any claims of property taken before February 18, 2002, does not dispose of the case because the record is unclear when the alleged confiscations occurred and all may be within the limitations period.

Commissioner Dennehy separately argues for dismissal on the ground that nothing in the complaint even suggests that she personally had anything to do with the alleged deprivation of plaintiff's rights.  She cannot be held liable for the acts of any subordinates; her liability must be premised on her own conduct, see Figueroa v. Aponte-Roque, 864 F.2d 947, 953 (1st Cir. 1989), and this complaint alleges no facts to show her participation in the taking of plaintiff's property.  In fact, she did not even assume office until December 2003, some fifteen months after plaintiff left MCI-Cedar Junction and, as plaintiff points out in his opposition, this complaint is centered on events at Cedar Junction, not the Treatment Center.  She is therefore entitled to dismissal of the claims against her.

DOC is not a "person" within the meaning of the federal Civil Rights Act, 42 U.S.C. §1983, and therefore, cannot be sued.  See Will v. Michigan Dep't of State Police, 491 U.S. 58, 68-69 (1989).

Accordingly, the motion to dismiss the complaint against the remaining two defendants is allowed.  Plaintiff's motion for reconsideration is denied on the merits.  All other pending motions are denied as moot.  Judgment may be entered dismissing the complaint.

|  |  |
|---|---|
| July 10, 2007 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |